UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RANDALL LEE ABBOTT,

        Plaintiff,         Case No. 1:13-cv-655

v.         Honorable Paul L. Maloney

SARA J. SMOLENSKI,

        Defendant.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Randall Lee Abbott is presently incarcerated at the Earnest C. Brooks Correctional Facility. After pleading guilty to first degree murder, Plaintiff was sentenced to life in prison by the Kent County Circuit Court on May 25, 2005.

In his complaint, Plaintiff alleges that his due process rights were violated because the Circuit Judge, George Buth, who presided over his criminal case, never acquired subject-matter jurisdiction. Plaintiff claims that Defendant lacked jurisdiction as a state district judge because she never took and subscribed to her Oath of Office.[1] Plaintiff seeks three million dollars in compensatory damages and another three million dollars in punitive damages.

**Discussion**

Plaintiff's complaint fails to state a claim upon which relief can be granted for several reasons. First, section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). In order to state a claim under § 1983, "[a] plaintiff must demonstrate that the defendants, acting under color of state law, deprived it of a right secured by the constitution or the laws of the United States. *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Thus, a plaintiff in a §1983 action must first "identify the exact contours of the underlying [federal] right said to have been violated.*" Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). Here, Plaintiff claims that

---

[1]Although not cited, Plaintiff's allegations rely on the following state election law:

> Every person elected to the office of judge of the circuit court, before entering upon the duties of his office, shall take and subscribe to the oath as provided in section 1 of article 11 of the state constitution, and file the same with the secretary of state and a copy with each county clerk in his circuit.

MICH. COMP. LAWS § 168.420.

his due process rights were violated when Defendant presided over his underlying criminal case because Plaintiff allegedly failed to comply with state law by taking and subscribing to her Oath of Office.[2] Plaintiff fails to explain how Defendant's alleged violation of state law rises to the level of a federal constitutional claim. Plaintiff's assertion that Defendant violated state law therefore fails to state a claim under § 1983.

Second, the United States Supreme Court has long held that "[t]he *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). Thus, even if Defendant failed to comply with state mandated procedures prior to presiding over Plaintiff's criminal case, the *de facto* officer doctrine confers validity upon her actions.

Third, as a judicial officer Defendant is immune from suit for actions undertaken in conformance with the requirements of her office. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the

---

[2]Plaintiff fails to specify whether he is claiming procedural or substantive due process violations. The omission is irrelevant however, because Plaintiff fails to sufficiently demonstrate any due process violations.

actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. Although Plaintiff alleges that Defendant lacked jurisdiction because she failed to complete her Oath of Office, as previously discussed, that alleged failure did not deprive her of jurisdiction, because of the *de facto* officer doctrine. Accordingly, Defendant is absolutely immune from liability and thus, Plaintiff may not maintain an action for monetary damages against her. 28 U.S.C. § 1915(e)(2)(B)(iii).

Fourth, Plaintiff cannot pursue a § 1983 action where success on the merits of his civil rights claim would necessarily imply the invalidity of his underlying sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Because Plaintiff's allegations call into question the validity of his conviction, his action is barred under *Heck* unless and until his criminal conviction is invalidated.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   July 22, 2013                                /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge